# EXHIBIT 1

F I L E D
Electronically
CV21-01450
2021-08-05 10:41:27 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8580154 : csulezi

$1425
Daniel T. Hayward.
Nevada State Bar No. 5986
BRADLEY, DRENDEL & JEANNEY, LTD.
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

BILLIE CHAPMAN, an individual,

Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.; JOHN DOES I through X, inclusive; ABC CORPORATIONS I-X; BLACK AND WHITE COMPANIES I-X; and JOHN DOES I-X, inclusive,

Defendants.

Case No. _____

Dept. No. _____

## COMPLAINT

Plaintiff, BILLIE CHAPMAN, by and through her counsel of record, Daniel T. Hayward of the law firm of Bradley, Drendel and Jeanney, complains and alleges as follows for her cause of action against the Defendant, PETCO ANIMAL SUPPLIES STORES, INC.:

## PARTIES & JURISDICTION

1. Plaintiff BILLIE CHAPMAN is, and at all times relevant was, a resident of the City of Reno, Washoe County, Nevada.

2. Defendant PETCO ANIMAL SUPPLIES STORES, INC. (hereinafter referred to as "PETCO") is, and at all times relevant was, a Delaware corporation doing business in Nevada.

3. Upon information and belief, Defendant PETCO owned and operated the Petco store located at 5565 South Virginia Street in Reno, Washoe County, Nevada.

4. The alleged negligent acts described herein occurred in Washoe County, Nevada.

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

5. Venue is proper in Washoe County pursuant to NRS 13.040 because Plaintiff has designated this county as the venue in her Complaint, and Defendant PETCO does not "reside" in any particular county in Nevada for purposes of venue. *See Liberty Mut. v. Thompson*, 130 Nev. 28,34, 317 P.3d 831 (2014) ("Further, under NRS Chapter 13, a foreign corporation does not have a fixed residence in any particular county"); *see also Byers v. Graton*, 82 Nev. 92, 95, 411 P.2d 480, 481-482 (1966).

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH, vs. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or in some way owned, leased, operated, managed, or maintained the Petco store described herein as of the date of the accident described herin, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiff as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, she will seek leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

7. Plaintiff does not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiff prays leave that when the true names of said Defendants are ascertained, she may insert the same at the appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

1  remaining Defendants.

2  8.  At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

## CLAIM FOR RELIEF

### (Negligence)

9.  Plaintiff realleges Paragraphs 1 through 8 of this Complaint and incorporates the same herein as though set forth at length.

10.  On January 21, 2020 Plaintiff, then age 77, was shopping at the Petco store located at 5565 South Virginia Street in Reno, Washoe County, Nevada. Plaintiff's 84 year-old husband was waiting in the car.

11.  Plaintiff had just exited the bathroom in the rear of the store and walked down three or four aisles looking for dog food, when Defendant's employee approached Plaintiff from behind pushing a large pallet mover loaded with heavy bags of dog food.

12.  Defendant's employee apparently did not see Ms. Chapman, and knocked her to the ground with the heavy pallet mover.

13.  Defendant had a duty to conduct its operations in a reasonably safe manner so as not to cause personal injury to its customers, including Plaintiff.

14.  Defendant breached its duty of care, through its employee, by failing to keep a proper lookout and causing a large pallet move loaded with dog food to collide with Plaintiff.

15.  Defendant's conduct, as described herein, was negligent.

16.  As a direct and proximate result of the negligence of Defendant, Plaintiff sustained severe personal injuries, causing extreme anguish, pain and suffering, all to her general damage in sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

17. As a further direct and proximate result of the negligence of Defendant, Plaintiff has incurred hospital, doctor and medical bills, as well as incidental expenses, and will incur further medical bills in the future, in an amount that is presently unknown.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1. For leave to amend the Complaint upon discovery of the true names and identities of each fictitiously-named Defendant, if any there be;

2. For past and future medical and incidental expenses which will be shown according to proof;

3. For past and future general damages in a sum in excess of $15,000.00;

4. For costs of suit and reasonable attorney fees herein;

5. For pre-judgment and post-judgment interest as allowed by law; and

6. For such other and further relief, at law or in equity, as this Court may deem equitable and just.

### AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this __5__ day of August, 2021.

BRADLEY, DRENDEL & JEANNEY

Daniel T. Hayward
*Attorney for Plaintiff*

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-4-

F I L E D
Electronically
CV21-01450
2021-08-26 01:51:52 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8616453 : msalazarperez

LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**GORDON REES SCULLY MANSUKHANI, LLP**
201 W. Liberty Street, Ste. 329
Reno, Nevada 89501

Telephone:   (702) 577-9030
Facsimile:   (775) 460-4901
Email:       lvrivera@grsm.com

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

## SECOND JUDICIAL DISTRICT COURT

## WASHOE COUNTY, NEVADA

| | |
|---|---|
| BILLIE CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.; JOHN DOES I through X, Inclusive; ABC CORPORATIONS I-X; BLACK AND WHITE COMPANIES, I-X; and JOHN DOES I-X, inclusive;<br><br>    Defendants. | Case No. CV21-01450<br><br>Dept. No. 10<br><br>**DEFENDANT PETCO ANIMAL SUPPLIES STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant PETCO ANIMAL SUPPLIES STORES, INC. ("Defendant"), by and through its counsel of Record, Lynn Rivera, of Gordon & Rees, in answer to Plaintiff BILLIE CHAPMAN'S ("Plaintiff") Complaint on file herein, hereby admits, denies, and alleges as follows:

### PARTIES & JURISDICTION

1. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits in part and denies in part the allegations in Paragraph 3 of

Plaintiff's Complaint. Defendant admits it operates the Petco store located at 5565 South Virginia Street in Reno, Washoe County, Nevada identified in Paragraph 3 of Plaintiff's Complaint. Defendant is without sufficient information to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits in part and denies in part the allegations contained in Paragraph 4 of Plaintiff's Complaint. Defendant admits the alleged acts were committed in Washoe County in Plaintiff's Complaint. Defendant is without sufficient information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Plaintiff's allegations in Paragraph 5 involve a question of law and, therefore, no response is required. To the extent a response is required, Defendant admits venue is proper in Washoe County and the Defendant is a citizen of California with multiple Petco stores located throughout the United States.

6. Plaintiff's allegations in Paragraph 6 involve a question of law and, therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 of Plaintiff's Complaint.

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint.

### CLAIM FOR RELIEF

#### (Negligence)

9. Defendant incorporates by reference its responses to Plaintiff's allegations in paragraphs 1 through 8 of Plaintiff's Complaint as if fully set forth herein.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Plaintiff's allegations in Paragraph 13 involve a question of law and, therefore, no response is required. To the extent a response is required, Defendant admits it has a duty to exercise reasonable care with regard to its store operations as further defined by Nevada law.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The negligence of Plaintiff caused or contributed to any injuries or damages that Plaintiff may have sustained; and the negligence of Plaintiff in comparison with the alleged negligence of this Defendant, if any, requires that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

That the injuries sustained by the Plaintiff, if any, were caused by acts of unknown third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff had knowledge of and was fully aware of the risk, and assumed any risk incident thereto by a voluntary use thereof. The injuries alleged by Plaintiff were caused by and arose out of such risk.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that any damages or injuries suffered by Plaintiff were proximately caused by the intervening and superseding actions of other parties, not Defendant, and that those intervening and superseding actions bar Plaintiff's recovery against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from alleging the matters set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that it has performed and discharged any and all obligations and legal duties arising out of the matters set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Defendant's employee was not acting in the course and scope of the employment at the time of the incident alleged in Plaintiff's complaint.

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiffs' Complaint and, therefore, this answering Defendant reserves the right to amend this first amended answer to allege additional affirmative defenses, if subsequent investigation so warrants.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his complaint on file herein;
2. For reasonable attorney fees;
3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

**AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding pleading **does not contain the social security number of any person**.

DATED: August 26, 2021

By *[signature: Lynn V. Rivera]*
LYNN V. RIVERA, ESQ.
N'EVADA BAR NO. 6797
201 W. Liberty Street, Ste. 320
Reno, Nevada 89501
Attorneys for Defendant
PETCO ANIMAL SUPLLIES STORE, INC.

# CERTIFICATE OF SERVICE

*Billie Chapman v. Petco Animal Supplies Stores, Inc.,*

Second Judicial District Court, Washoe County, CV21-01450

Pursuant to NRCP 5(b), I certify that I am an employee of Gordon & Rees, and that on this date, I caused the foregoing:

**DEFENDANT PETCO ANIMAL SUPPLIES STORE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

to be served on all parties to this action by:

☒ **E-FILE:** By transmitting a true copy, by way of electronic filing upon each of the parties at the following e-mail address(es).

| | |
|---|---|
| Daniel T. Hayward<br>Bradley, Drendel & Jeanney, LTD.<br>P.O. Box 1987<br>Reno, NV 89505 | Attorneys for Plaintiff<br>BILLIE CHAPMAN |

Dated: August 26, 2021

*/s/ Holly Mitchell*
An employee of GORDON & REES

4837-2747-8991, v. 1